## SPEER *vs.* ATLANTA AND WEST POINT RAILROAD.

Suits brought against a Railroad Company for a breach of contract, prior to 1859, had to be instituted in the county where the office for transaction of the business of the corporation was kept.

Case, in Troup Superior Court. Decision by Judge CAB-ANISS, at May Term, 1859.

This was an action by William A. Speer against the Atlanta and West Point Railroad Company, to recover dam-

ages for breach of contract; said damages alleged to have been sustained by reason of the failure and refusal of defendant to perform a certain agreement made with plaintiff relative to certain privileges and favors to be granted and allowed him, in consideration of his conveyance to defendant of the right of way for said road through plaintiff's land.

Defendant pleaded to the jurisdiction of the Court, on the ground that its principal office or place of business was not in the county of Troup, but in the county of Fulton, and was liable to be sued and impleaded in Fulton county, and not elsewhere. And further, that the President and chief officer of the Atlanta and West Point Railroad Company did not, nor does not, reside in the county of Troup, but in the county of Richmond.

Plaintiff demurred to said plea, which demurrer was overruled by the Court and the plea sustained, and the action dismissed—to which decision counsel for the plaintiff excepted.

SPEER & SPEER, for the plaintiff in error.

BLECKLEY, contra.

By the Court.—LUMPKIN, J., delivering the opinion.

This is a suit brought by the plaintiff in error against the Atlanta and West Point Railroad Company for the breach of a contract. The action was instituted in Troup county, through which the Road runs. Atlanta, in Fulton county, is the place of business of the corporation. There was a plea filed to the jurisdiction of the Court, and a demurrer put in to the plea, which was overruled by the Court; that is, the Court held that Fulton county, and not Troup, was the proper place for bringing the suit.

The action is brought under the Act of 1856, and not the Act of 1854. It is by common law process as prescribed by the Act of 1856, and not by notice, as required by the Act of 1854. Now, the Act of 1856 does not extend to suits brought for violation of contracts, but only for certain injuries therein specified. Indeed, it is somewhat doubtful whether the Act of 1854 gives the right to sue upon con-

tracts, notwithstanding the generality of its terms. If it does, the body of the Act is lucider than its title; for the title does not extend to such cases.

Perhaps under the head statutes of the last legislature, the case might be reversed in Troup county. This Act did not operate upon a decision already made.